IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Execware, LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>Amazon.com; CDW Corporation; CDW LLC Marriott International, Inc.; Staples, Inc.; Starwood Hotels & Resorts Worldwide, Inc.; and Travelocity.com LP,<br><br>                Defendants. | Civil Action No. 11-836-LPS<br><br>DEMAND FOR JURY TRIAL |

FIRST AMENDED COMPLAINT

Plaintiff Execware, LLC ("Execware") alleges as follows:

PARTIES

1.    Execware is a limited liability company organized under the laws of the Commonwealth of Virginia, having its principal offices at 3440 S. Jefferson Street #1125, Falls Church, Virginia 22041.

2.    Defendant Amazon.com ("Amazon") is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109. Amazon has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

3.    On information and belief, Defendant CDW Corporation is a Delaware corporation with its principal place of business at 200 N. Milwaukee Avenue, Vernon Hills, Illinois 60061. On information and belief, Defendant CDW LLC (collectively with CDW Corporation, "CDW") is an Illinois limited liability company with its principal place of business at 200 N. Milwaukee Avenue, Vernon Hills, Illinois 60061. CDW Corporation has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process. CDW LLC may be served pursuant to the Delaware long arm statute, 10 *Del. C.* § 3104.

4. On information and belief, Defendant Marriott International, Inc. ("Marriott") is a Delaware corporation with its principal place of business at 10400 Fernwood Road, Bethesda, Maryland, 20817. Marriott has appointed The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808 as its agent for service of process as its agent for service of process.

5. On information and belief, Defendant Staples, Inc. ("Staples") is a Delaware corporation with a principal place of business at 500 Staples Drive, Framingham, Massachusetts 01702. Staples has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801 as its agent for service of process.

6. On information and belief, Defendant Starwood Hotels & Resorts Worldwide, Inc. ("Starwood") is a Maryland corporation with its principal place of business at 32 South Baltimore, Maryland, 21202. Starwood has appointed C T Corporation System, 2394 E. Camelback Road, Phoenix, Arizona 85016 as its agent for service of process as its agent for service of process.

7. On information and belief, Defendant Travelocity.com LP ("Travelocity") is a Delaware limited partnership with a principal place of business at 3150 Sabre Drive, Southlake, Texas 76092. Travelocity has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

JURISDICTION AND VENUE

8. This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq*., including § 271. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper in this district under 28 U.S.C. §§ 1391 (b)-(d) and 1400(b) because each defendant is subject to personal jurisdiction in this district, has committed, contributed to, or induced acts of patent infringement in this district, or has a regular and established place of business in this district.

## COUNT I

(Infringement of U.S. Patent No. 6,216,139)

10. Execware is the owner by assignment of United States Patent No. 6,216,139 ("the '139 patent"), entitled "Integrated Dialog Box for Rapidly Altering Presentation of Parametric Text Data Objects on a Computer Display." The '139 patent issued on April 10, 2001. A true and correct copy of the '139 patent is attached hereto as Exhibit A.

11. Amazon is directly infringing (literally and under the doctrine of equivalents) at least claim 1 of the '139 patent in this District and throughout the United States by, among other things, making, using, selling, offering to sell, or importing a computer system to rapidly format and reformat tabular displays of records or text data objects, such as Amazon's product listings at www.amazon.com. For example, in returning the search results for "camera," shown below, Amazon's software initially sorts the selected text data objects and allows further sorting of the large amount of data. After being served with the Complaint in this action, Amazon has knowingly contributed to the infringement, and continues to contribute to the infringement of one or more claims of the '139 patent by offering to its customers use of its software, which constitutes a material part of the invention and is not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Amazon has induced infringement, and continues to induce infringement, of one or more of the claims of the '139 patent, with specific intent that its software be used by Amazon's customers to infringe the '139 patent. Amazon's acts of infringement have been willful under 35 U.S.C. § 284 since the date it was served with the Complaint in this action.



12.     CDW is directly infringing (literally and under the doctrine of equivalents) at least claim 1 of the '139 patent in this District and throughout the United States by, among other things, making, using, selling, offering to sell, or importing a computer system to rapidly format and reformat tabular displays of records or text data objects, such as CDW's product listings at www.cdw.com.  For example, in returning the search results for "camera," shown below, CDW's software initially sorts the selected text data objects and allows further sorting of the large

4

amount of data.  After being served with the Complaint in this action, CDW has knowingly contributed to the infringement, and continues to contribute to the infringement of one or more claims of the '139 patent by offering to its customers use of its software, which constitutes a material part of the invention and is not a staple article or commodity of commerce suitable for substantial noninfringing use.  Further, after being served with the Complaint in this action, CDW has induced infringement, and continues to induce infringement, of one or more of the claims of the '139 patent, with specific intent that its software be used by CDW's customers to infringe the '139 patent.  CDW's acts of infringement have been willful under 35 U.S.C. § 284 since the date it was served with the Complaint in this action.



13.     Marriott is directly infringing (literally and under the doctrine of equivalents) at least claim 1 of the '139 patent in this District and throughout the United States by, among other things, making, using, selling, offering to sell, or importing a computer system to rapidly format and reformat tabular displays of records or text data objects, such as Marriott's hotel room rental listings at www.marriott.com/default.mi.  For example, in returning the search results for hotel rooms in "Los Angeles," shown below, Marriott's software initially sorts the selected text data objects and allows further sorting of the large amount of data.  After being served with the Complaint in this action, Marriott has knowingly contributed to the infringement, and continues to contribute to the infringement of one or more claims of the '139 patent by offering to its customers use of its software, which constitutes a material part of the invention and is not a staple article or commodity of commerce suitable for substantial noninfringing use.  Further, after being served with the Complaint in this action, Marriott has induced infringement, and continues to induce infringement, of one or more of the claims of the '139 patent, with specific intent that its software be used by Marriott's customers to infringe the '139 patent.  Marriott's acts of infringement have been willful under 35 U.S.C. § 284 since the date it was served with the Complaint in this action.



14.     Staples is directly infringing (literally and under the doctrine of equivalents) at least claim 1 of the '139 patent in this District and throughout the United States by, among other things, making, using, selling, offering to sell, or importing a computer system to rapidly format and reformat tabular displays of records or text data objects, such as Staples' product listings at www.staples.com.  For example, in returning the search results for "camera," shown below, Staples' software initially sorts the selected text data objects and allows further sorting of the large amount of data.  After being served with the Complaint in this action, Staples has knowingly contributed to the infringement, and continues to contribute to the infringement of

7

one or more claims of the '139 patent by offering to its customers use of its software, which constitutes a material part of the invention and is not a staple article or commodity of commerce suitable for substantial noninfringing use.  Further, after being served with the Complaint in this action, Staples has induced infringement, and continues to induce infringement, of one or more of the claims of the '139 patent, with specific intent that its software be used by Staples' customers to infringe the '139 patent.  Staples' acts of infringement have been willful under 35 U.S.C. § 284 since the date it was served with the Complaint in this action.



15. Starwood is directly infringing (literally and under the doctrine of equivalents) at least claim 1 of the '139 patent in this District and throughout the United States by, among other things, making, using, selling, offering to sell, or importing a computer system to rapidly format and reformat tabular displays of records or text data objects, such as Starwood's hotel room rental listings at www.starwoodhotels.com. For example, in returning the search results for hotel rooms in "Los Angeles," shown below, Starwood's software initially sorts the selected text data objects and allows further sorting of the large amount of data. After being served with the Complaint in this action, Starwood has knowingly contributed to the infringement, and continues to contribute to the infringement of one or more claims of the '139 patent by offering to its customers use of its software, which constitutes a material part of the invention and is not a staple article or commodity of commerce suitable for substantial noninfringing use. Further, after being served with the Complaint in this action, Starwood has induced infringement, and continues to induce infringement, of one or more of the claims of the '139 patent, with specific intent that its software be used by Starwood's customers to infringe the '139 patent. Starwood's acts of infringement have been willful under 35 U.S.C. § 284 since the date it was served with the Complaint in this action.



16. Travelocity is directly infringing (literally and under the doctrine of equivalents) at least claim 1 of the '139 patent in this District and throughout the United States by, among other things, making, using, selling, offering to sell, or importing a computer system to rapidly format and reformat tabular displays of records or text data objects, such as Travelocity's airfare listings at www.travelocity.com. For example, in returning the search results for a flight from Los Angeles to San Francisco, shown below, Travelocity's software initially sorts the selected text data objects and allows further sorting of the large amount of data. After being served with

10

the Complaint in this action, Travelocity has knowingly contributed to the infringement, and continues to contribute to the infringement of one or more claims of the '139 patent by offering to its customers use of its software, which constitutes a material part of the invention and is not a staple article or commodity of commerce suitable for substantial noninfringing use.  Further, after being served with the Complaint in this action, Travelocity has induced infringement, and continues to induce infringement, of one or more of the claims of the '139 patent, with specific intent that its software be used by Travelocity's customers to infringe the '139 patent. Travelocity's acts of infringement have been willful under 35 U.S.C. § 284 since the date it was served with the Complaint in this action.



17. As a result of each defendant's infringement of the '139 patent, Execware has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless each defendant's infringing activities are enjoined by this Court.

18. Unless a permanent injunction is issued enjoining each defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on its behalf from infringing the '139 patent, Execware will suffer irreparable harm.

## PRAYER FOR RELIEF

Execware prays for the following relief:

1. A judgment that each defendant has infringed (either literally or under the doctrine of equivalents), directly or indirectly, by way of inducing or contributing to the infringement of, one or more claims of the '139 patent;

2. A judgment that such infringement has been willful;

3. A permanent injunction enjoining each defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing the '139 patent;

4. An award of damages resulting from each defendant's acts of infringement in accordance with 35 U.S.C. § 284;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Execware its reasonable attorneys' fees against each defendant;

6. An award to Execware for enhanced damages equal to treble the amount of actual damages, for the willful nature of each defendant's acts of infringement, with notice being made as least as early as the date of the filing of the complaint, as provided under 35 U.S.C. § 284;

7. A judgment and order requiring defendants to provide an accounting and to pay supplemental damages to Execware, including without limitation, pre-judgment and post-judgment interest; and

8. Any and all other relief to which Execware may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Execware demands a trial by jury on all issues so triable.

December 1, 2011

Of Counsel:

Marc A. Fenster
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025-1031
(310) 826-7474
mfenster@raklaw.com

BAYARD, P.A.

/s/ *Stephen B. Brauerman*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
Wilmington, DE  19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

Attorneys for Plaintiff,
Execware, LLC