IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EXECWARE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-836-LPS-SRF |
| | ) | |
| STAPLES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

**I.     INTRODUCTION**

Presently before the court in this patent infringement action is a motion filed pursuant to Fed. R. Civ. P. 12(b)(6) by defendants Amazon.com, Inc. ("Amazon") and Starwood Hotels & Resorts Worldwide, Inc. ("Starwood"), seeking dismissal of plaintiff Execware, LLC's ("Execware") amended complaint for failure to state a claim of indirect infringement. (D.I. 39) Staples, Inc. ("Staples") joined in the motion to dismiss, and also sought dismissal of Execware's claim for willful infringement. (D.I. 51) Defendants Amazon and Starwood subsequently entered into stipulations of dismissal with Execware, leaving Staples as the only remaining movant. (D.I. 61, 64) For the reasons set forth below, I recommend that the court grant the motion to dismiss the claims of indirect infringement and willfulness without prejudice.[1]

---

[1] On October 10, 2012, Judge Stark entered an order vacating the scheduling order in this matter in light of the subsequent filing of multiple related cases alleging infringement of the same patent-in-suit. (D.I. 115) On November 21, 2012, Judge Stark entered a scheduling order applicable to the instant matter and related C.A. Nos. 12-380, 12-382, 12-383, 12-384, 12-556, 12-557, 12-558, 12-559, 12-561, and 12-562. (D.I. 120) Pursuant to the scheduling order, joinder of parties and amended pleadings are due by May 21, 2013, a *Markman* hearing is set for October 3, 2013, the discovery cutoff is January 15, 2014, and dispositive motions are due by August 28, 2014. (*Id.*)

## II. BACKGROUND

On April 10, 2001, United States Patent No. 6,216,139 ("the '139 patent"), entitled "Integrated Dialog Box for Rapidly Altering Presentation of Parametric Text Data Objects on a Computer Display," issued to Execware, the owner by assignment of the '139 patent. (D.I. 32 at ¶ 10) Execware filed the present action on September 15, 2011, alleging infringement of the '139 patent against Amazon, CDW Corporation ("CDW"), Marriott International, Inc. ("Marriott"), Staples, Starwood, and Travelocity.com LP ("Travelocity"). (D.I. 1) On November 14, 2011, defendants Amazon, Marriott, Starwood, and Travelocity filed motions to dismiss Execware's claims of direct and indirect infringement pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 23, 25)

Execware filed its amended complaint and response to the motions to dismiss on December 1, 2011, contending that the amended complaint rendered the motions to dismiss moot. (D.I. 32, 33) In its amended complaint, Execware alleges causes of action for contributory, induced, and willful infringement. (D.I. 32) On December 19, 2011, defendants Amazon and Starwood moved to dismiss the claims of indirect infringement in Execware's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 39) On January 24, 2012, Staples joined in Amazon and Starwood's motion to dismiss, adding a request for dismissal of Execware's cause of action for willful infringement. (D.I. 51)

## III. LEGAL STANDARD

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the

complaint must set forth sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 555-56; *Iqbal*, 556 U.S. at 663. The court "need not accept as true threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.*

Following the Supreme Court's decision in *Iqbal*, district courts have conducted a two-part analysis in determining the sufficiency of the claims. First, the court must separate the factual and legal elements of the claim, accepting the complaint's well-pleaded facts as true and disregarding the legal conclusions. *Iqbal*, 556 U.S. at 663. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* at 664. Second, the court must determine whether the facts alleged in the complaint state a plausible claim by conducting a context-specific inquiry that "draw[s] on [the court's] experience and common sense." *Id.* at 663-64; *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## IV. DISCUSSION

### A. Indirect Infringement

#### 1. Legal standard

To prevail on a claim for indirect infringement, a plaintiff must first demonstrate direct infringement. *See E.I. DuPont de Nemours & Co. v. Heraeus Holding GmbH*, C.A. No. 11-773-SLR-CJB, 2012 WL 4511258, at *4 (D. Del. Sept. 28, 2012) (citations omitted). The Federal Circuit has held that Form 18 of the Federal Rules of Civil Procedure, which sets forth a sample complaint for direct infringement, meets the *Twombly* pleading standard, and no further details are required. Thus, to adequately plead a claim for direct infringement, the complaint must include:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007); *see also St. Clair Intellectual Property Consultants, Inc. v. Apple, Inc.*, C.A. No. 10-982-LPS; 2011 WL 4571812, at *2 (D. Del. Sept. 30, 2011).

The plaintiff must next establish that the "defendant possessed the requisite knowledge or intent to be held vicariously liable." *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272-73 (Fed. Cir. 2004). At the pleading stage, "the question before the Court on defendants' motions to dismiss is whether [the plaintiff] has plead sufficient facts . . . for the Court to *infer* that the defendants had knowledge of [the plaintiff's] patents and that their products infringed on those patents." *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, 2011 WL

3946581, at *3 (N.D. Ill. Sept. 2, 2011) (emphasis in original) (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (May 31, 2011)). This court has held that a complaint sufficiently pleads a defendant's actual knowledge when the plaintiff alleges that the defendant or its predecessor learned of a patent-in-suit from an exchange of proprietary information pursuant to a licensing agreement,[2] or when the plaintiff alleges that a defendant previously filed papers with the PTO identifying the patents as prior art.[3] In contrast, a plaintiff fails to sufficiently plead knowledge of the patent-in-suit when the plaintiff merely recites the elements for indirect infringement without supporting facts,[4] or when the factual allegations merely support the conclusion that the parties have patents in the same field.

### 2. Analysis

#### (a) Direct infringement

In support of the motion to dismiss, Staples contends that Execware fails to plead the predicate direct infringement to support its claim that Staples either contributed to or induced infringement of the '139 patent. (D.I. 40 at 6) Specifically, Staples alleges that the amended complaint fails to identify the alleged direct infringer, or any acts of direct infringement allegedly

---

[2] *See Xpoint Techs. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010); *Netgear, Inc. v. Ruckus Wireless, Inc.*, 2012 WL 1118773, at *4 (D. Del. Mar. 28, 2012) ("Ruckus has had knowledge of the '035 patent long before the filing of this lawsuit because Ruckus previously licensed the '035 patent from IBM Corporation.").

[3] *See Mallinckrodt Inc. v. E-Z-Em, Inc.*, 671 F. Supp. 2d 563, 569 (D. Del. 2009); *see also Finjan, Inc. v. McAfee, Inc.*, C.A. No. 10-593-GMS, D.I. 244 (Jan. 24, 2012).

[4] *See Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*, C.A. No. 10-666-SLR, 2011 WL 941197, at *3 (D. Del. Mar. 16, 2011); *Xpoint Techs.*, 730 F. Supp. 2d at 357; *Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009); *IpVenture Inc. v. Lenovo Group Ltd.*, 11-588-RGA, 2012 WL 2564893, at *2 (D. Del. June 29, 2012); *HSM Portfolio LLC v. Fujitsu Ltd.*, 2012 WL 2580547, at *1 (D. Del. July 3, 2012).

contributed to or induced by Staples. (*Id.*) According to Staples, the amended complaint does not allege that Staples' customers actually infringe the '139 patent. (D.I. 53 at 2-3) In response, Execware contends that it specifically identified Staples' customers as direct infringers by alleging that Staples induced and contributed to infringement by offering to its customers the use of the accused products. (D.I. 49 at 3-4)

The amended complaint states as follows:

> 14. Staples is directly infringing . . . at least claim 1 of the '139 patent in this District and throughout the United States by, among other things, making, using, selling, offering to sell, or importing a computer system to rapidly format and reformat tabular displays of records or text data objects . . . After being served with the Complaint in this action, Staples has knowingly contributed to the infringement, and continues to contribute to the infringement of one or more claims of the '139 patent by offering to its customers use of its software . . . Staples has induced infringement, and continues to induce infringement, of one or more of the claims of the '139 patent, with specific intent that its software be used by Staples' customers to infringe the '139 patent . . .

(D.I. 32 at ¶ 14)

The amended complaint sufficiently identifies Staples' customers as the alleged direct infringers in support of Execware's claims for indirect infringement, and a more specific identification of third party infringers is not required to state a claim for indirect infringement. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012) ("Given that a plaintiff's indirect infringement claims can succeed at trial absent direct evidence of a specific direct infringer, we cannot establish a pleading standard that requires something more."). A plaintiff "need not plead that a specific third party directly infringes the patent-in-suit in order to state a claim for indirect infringement . . . [I]dentifying third parties who participated in allegedly infringing activities is a proper question for discovery." *Minkus*, 2011

WL 941197, at *3.

However, the amended complaint fails to allege direct infringement of the '139 patent by Staples' customers. Although a claim for direct infringement need not "describe precisely how each element of the asserted claims are practiced by their customers," *In re Bill of Lading*, 681 F.3d at 1335, Form 18 requires a statement that the alleged infringer has been infringing the patent by making, selling, and/or using the allegedly infringing product. The amended complaint in the present matter alleges that Staples induced and contributed to infringement by "offering to its customers use of its software," with the intent that "its software be used by Staples' customers to infringe the '139 patent." (D.I. 32 at ¶ 14) Nowhere in the amended complaint does Execware allege that Staples' customers actually used the accused software, or that Staples caused its customers to directly infringe the '139 patent.

The factual allegations in Execware's amended complaint are similar to the facts set forth in *Pragmatus Telecom, LLC v. Ford Motor Co.*, in which the court determined that the allegations of direct infringement were insufficient to support the indirect infringement claims. *See Pragmatus Telecom, LLC v. Ford Motor Co.*, C.A. 12-92-RGA, 2012 WL 2700495, at *1 (D. Del. July 5, 2012). In *Pragmatus*, the plaintiff pled that the defendant possessed the intent for its customers go on the website to infringe the patents, but the plaintiff never alleged that those customers actually infringed the patents by using the website. *Id.* at n.3; *see also IpVenture Inc.*, 2012 WL 2564893, at *2 (concluding that the allegations were insufficient to state a claim for indirect infringement because, "[a]mong other things, there is no allegation relating to direct infringement."). Similarly, Execware pleads that it offered the use of its software to its customers and intended that its customers use the software to infringe the '139 patent, but fails to

plead that Staples' customers actually infringed the '139 patent.

The facts of the present case are distinguishable from *Minkus Electronics*, in which the court determined that direct infringement by third parties was adequately pled where the complaint alleged that each defendant "actively induced and continues to actively induce infringement by others . . . by intentionally causing others to directly infringe the [patent-in-suit] and/or by intentionally instructing others how to use the infringing products." *Minkus*, 2011 WL 941197, at *1. The plaintiff in *Minkus* specifically alleged that the defendants "caused" others to directly infringe the patent-in-suit, whereas Execware's amended complaint alleges only that Staples offered its customers the use of its software, and intended that its customers use the software to infringe the '139 patent. For reasons similar to those set forth in *Pragmatus*, Execware has failed to establish direct infringement in a manner sufficient to allow for the survival of its claims for indirect infringement.

### (b)   Knowledge

Even if the court were to conclude that the amended complaint sufficiently pleads direct infringement by Staples' customers, Execware's claims of indirect infringement should be limited from the date of filing of the complaint. Staples contends that the amended complaint does not allege sufficient facts to support a plausible claim that each defendant actually knew of the '139 patent before the action was filed. (D.I. 40 at 5-6) Staples alleges that the filing of the infringement complaint in the instant action is insufficient to provide the requisite knowledge to establish a claim for indirect infringement. (*Id.* at 6) In response, Execware contends that the amended complaint alleges knowledge of the '139 patent based on the service of the complaint in the instant action. (D.I. 49 at 3)

The case law in this district is divided on the issue of whether pre-suit knowledge is required to sufficiently state a claim for indirect infringement. *See SoftView LLC v. Apple Inc.*, C.A. No. 10-389-LPS, 2012 WL 3061027, at *7 (D. Del. July 26, 2012). One line of cases holds that the alleged infringer must know of the patent at the time it was committing the allegedly infringing activities, and knowledge as of the date of the suit is insufficient for purposes of pleading the requisite knowledge to state a claim for indirect infringement. *See Xpoint Techs.*, 730 F. Supp. 2d at 357; *Mallinckrodt*, 670 F. Supp. 2d at 354. The Central District of California recently adopted this reasoning, holding that "a complaint fails to state a claim for indirect patent infringement where the *only* allegation that purports to establish the knowledge element is the allegation that the complaint itself or previous complaints in the *same* lawsuit establish the defendant's knowledge of the patent." *Proxyconn Inc. v. Microsoft Corp.*, C.A. No. 11-1681-DOC, 2012 WL 1835680, at *7 (C.D. Cal. May 16, 2012) (rejecting this court's decision in *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559 (D. Del. 2012), and concluding that the defendant's post-suit knowledge would be "bootstrapped onto its conduct prior to the complaint's filing.").

The other line of cases from this district holds that "the filing of a complaint is sufficient to provide knowledge of the patents-in-suit for purposes of stating a claim for indirect infringement occurring after the filing date." *SoftView*, 2012 WL 3061027, at *7; *see also British Telecomms. PLC v. Google Inc.*, C.A. No. 11-1249-LPS, D.I. 44 at ¶ 5 (D. Del. Sept. 20, 2012); *Apeldyn Corp. v. Sony Corp.*, 852 F. Supp. 2d 568, 573-74 (D. Del. 2012); *Walker Digital*, 852 F. Supp. 2d at 565; *Minkus*, 2011 WL 941197, at *3-4. These cases reason that "an accused infringer is on notice of the patent(s)-in-suit once an initial pleading identifies the

patents-in-suit, and a patentee that successfully proves the remaining legal elements of indirect infringement is entitled to recover for any post-filing indirect infringement of those patents." *SoftView*, 2012 WL 3061027, at *7. In *Apeldyn* and *Walker Digital*, the court concluded that a plaintiff may plead actual knowledge of the patents-in-suit as of the filing of the initial complaint to state a cause of action limited to the defendant's post-litigation conduct, and a defendant's decision to continue its conduct despite knowledge gleaned from the complaint is sufficient to establish the intent element required to state a claim for indirect infringement. *See Apeldyn*, 852 F. Supp. 2d at 573-74; *Walker Digital*, 852 F. Supp. 2d at 565-66. The court confirmed that pre-suit knowledge of the patent must be alleged unless the plaintiff limits its cause of action for indirect infringement to post-litigation conduct. *See id.*

In the present action, Execware limits its causes of action for indirect infringement to conduct occurring after the initiation of the litigation. (D.I. 32 at ¶ 14) ("After being served with the Complaint in this action, Staples has knowingly contributed to the infringement . . . of one or more claims of the '139 patent . . . Further, after being served with the Complaint in this action, Staples has induced infringement . . . of one or more of the claims of the '139 patent"). In keeping with the most recent decisions of this court, Staples' post-filing date knowledge of the '139 patent is sufficient to state a claim for indirect infringement occurring after service of the complaint. However, this result cannot save the indirect infringement claims from dismissal because of the deficiency in pleading claims of direct infringement by Staples' customers, as previously discussed.

### B.     Willful Infringement

#### 1.     Legal standard

To prove a cause of action for willful infringement, a patent owner must demonstrate by clear and convincing evidence that the infringer acted despite an "objectively high likelihood that its actions constituted infringement" and that this "objectively-defined risk was . . . either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). If the first prong cannot be shown, then the court should not put the issue of willfulness – including the second "subjective" prong – before a jury. *See Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1236 (Fed. Cir. 2011) ("Should the court determine that the infringer's reliance on a defense was not objectively reckless, it cannot send the question of willfulness to the jury, since proving the objective prong is a predicate to consideration of the subjective prong.").

At the pleading stage, a plaintiff alleging a cause of action for willful infringement must "plead facts giving rise to at least a showing of objective recklessness of the infringement risk." *St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett-Packard Co.*, 2012 WL 1134318, at *2-3 (D. Del. Mar. 28, 2012) (internal quotations omitted). "Actual knowledge of infringement or the infringement risk is not necessary to plead a claim for willful infringement," but the complaint must adequately allege "factual circumstances in which the patents-in-suit [a]re called to the attention" of the defendants." *Id.* The complaint must "demonstrate[ ] a link between the various allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement" were either known or were so obvious that they should have been known. *Id.* at *3.

11

### 2. Analysis

In support of the motion to dismiss, Staples contends that the amended complaint fails to state a claim for willful infringement because Execware's allegation that Staples was placed on notice of alleged infringement of the '139 patent on the date it was served with the original complaint does not meet the "objective recklessness" requirement under *In re Seagate*. (D.I. 51 at 2) According to Staples, Execware's failure to allege that Staples acted with reckless disregard by operating its website prior to the filing of the original complaint is fatal to Execware's willful infringement claim. (*Id.*)

In response, Execware contends that the amended complaint adequately alleges a claim for willful infringement as of the date Staples was served with the original complaint in this action. (D.I. 55 at 3) According to Execware, the Federal Circuit's decision in *In re Seagate* is silent on the pleading requirements for willful infringement, and its discussion of the "objectively reckless" pleading requirement has never been adopted by this court. (*Id.*) Execware alleges that this court has held that post-filing actions may meet the recklessness standard for willfulness. (*Id.* at 3-4)

Execware's failure to plead that Staples had pre-suit knowledge of the '139 patent is fatal to its claim for willful infringement. The Federal Circuit has held that a patentee cannot recover enhanced damages based solely on the accused infringer's post-filing conduct when the patentee has not sought a preliminary injunction, stating that

> a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct. By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement. A patentee who does not attempt to

12

> stop an accused infringer's activities in this manner should not be allowed to
> accrue enhanced damages based solely on the infringer's post-filing conduct.

*In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (internal citations omitted). Several recent cases from this district also support this view. *See Walker Digital*, 2012 WL 1129370, at *7-8 (upholding claim for willful infringement where the amended complaint provided evidence that the defendant had pre-suit knowledge of the patents-in-suit due to the defendant's interactions with the plaintiff's representatives); *Netgear*, 2012 WL 1118773, at *5 (same). As previously stated, Execware's amended complaint relies solely on allegations that Staples was made aware of the '139 patent by the filing of the original complaint in the present action. As a result, its claim for willful infringement must fail.

## V.     CONCLUSION

For the foregoing reasons, I recommend that the court grant the motion to dismiss Execware's claims in the amended complaint for induced, contributory, and willful infringement of the '139 patent (D.I. 40),[5] without prejudice.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The objections and responses to the objections are limited to ten (10) pages each.

The parties are directed to the court's Standing Order In Non Pro Se Matters For

---

[5] Execware suggested the potential for a cure of any pleading deficiencies by a further amendment of the complaint. As there is no pending motion pursuant to Rule 15, I will not consider the request at this stage. Pursuant to the court's scheduling order, the deadline for motions to amend the pleadings in this matter is May 21, 2013. (D.I. 120)

Objections Filed Under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: December 10, 2012

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE